RECEIVED
IN LAKE CHARLES, LA
JUN 21 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20062-0 |
| VS. | : | JUDGE MINALDI |
| KARL DAVID KRETSER, JR. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

The purpose of this memorandum ruling is to address objections made by the Government and by the defense to the Presentence Report ("PSR") prepared by the Probation Department.

In the original PSR, Probation applied U.S.S.G. §2G1.3 to determine the base offense level for the crime. The Government argued that §2G2.1 should have been applied. After researching this matter, Probation concurred and revised the PSR accordingly. The defendant objected to the use of §2G2.1.

On February 13, 2007, after a jury trial, the defendant was convicted of using a facility in interstate commerce to knowingly and intentionally attempt to persuade, induce, entice and coerce a minor to engage in sexual activity for which a person could be charged with a criminal offense, all in violation of 18 U.S.C. § 2422(b).

The appropriate Sentencing Guideline violating 18 U.S.C. § 2422(b) is § 2G1.3. The relevant cross-reference directs that "[i]f the offense involved causing ... or offering ... a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply §2G2.1 ... if the resulting offense level is greater than that determined above." U.S.S.G.

§2G1.3(c)(1).[1] This cross-reference "is to be construed broadly and includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering ...." U.S.S.G. § 2G1.3, comment. (n. 5(A)). Moreover, "[t]he term 'offense,' as used in the cross-reference, includes both charged and uncharged offenses."[2] The burden is on the government to prove the factors that trigger the cross-reference by a preponderance of the evidence.[3]

In the case at bar, a preponderance of the evidence shows that Kretser had the intent to offer and to take pictures of himself engaged in sexually explicit conduct with a minor.[4] In the chat

---

[1] The cross-reference, in full, reads this way: "If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above." U.S.S.G. § 2G1.3(c)(1). The applicable commentary provides as follows: "*Application of Subsection (c)(1).*-The cross reference in subsection (c)(1) is to be construed broadly and includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice, advertisement or other method, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct. For purposes of subsection (c)(1), "sexually explicit conduct" has the meaning given that term in 18 U.S.C. § 2256(2)." *Id.* at cmt. n.5.

[2] *United States v. Miller*, 166 F.3d 1153, 1155 (11th Cir.1999) (per curiam).

[3] *United States v. Whitesell*, 314 F.3d 1251, 1255 (11th Cir.2002).

[4] For purposes of the cross-section, "sexually explicit conduct" is defined, in pertinent part, as "actual or simulated"-

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

between the defendant and the "minor" on June 5, 2006, the defendant stated that they would be going to a motel for sexual activity and that he would bring a digital camera to take pictures. He also indicated that he would make a movie and would give the "minor" a disk full of pictures and a copy of the movie. Based upon these facts, §2G2.1 is the appropriate cross-reference to use to determine the base offense level.[5]

The Government argues that the base offense level should be enhanced by two points because the offense involved a minor who had reached the age of 12 but had not attained the age of sixteen.[6] Kretser argues that this enhancement is not appropriate because he suspected that the "minor" was not, in fact, fourteen as she stated. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a two-level increase to the base offense level if the offense involved a minor who was at least 12 years old but not yet 16 years old. In this case, the "victim" was an undercover agent posing as a 14-year-old girl in an online chat room. The commentary to § 2G1.3 expressly defines the term "minor" as including: "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years."[7] The evidence shows that Kretser believed he was interacting with a 14-year-

---

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the genitals or pubic area of any person;

18 U.S.C. § 2256(2)(A) (2006).

[5]     *See also U.S. v. Bohannon*, 476 F.3d 1246 (11th Cir. 2007).

[6]     §2G2.1(b)(1)(B).

[7]     U.S.S.G. § 2G1.3 cmt. n.1.

3

old girl and knew the consequences of engaging in sexual activity with a minor of this age.[8]

The defendant objects to this assessment arguing that the defendant never had contact with a minor. These internet conversations were between two adult males, one of whom happened to be the case agent. The defendant argues that unduly influencing a minor would require actual conversations with a minor. This argument is not persuasive and clearly not supported by the Guideline Commentary, nor by case law. The two-level increase for the fictitious victim's age is justified.

The Government argues that a two level enhancement under §2G2.1(b)(2)(A) should apply. This section directs that if an offense involved the commission of a sexual act or sexual contact, the level should be increased by two. 18 U.S.C. §2246(2) defines sexual act as:

> **(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;
>
> **(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> **(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> **(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C.A. § 2246(3) defines "sexual contact" as:

> (3) the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or

---

[8] *Bohannon, supra at* 1251-1252.

4

gratify the sexual desire of any person.

The plain language of this statute requires physical contact which is absent in this case. Accordingly, the two level enhancement under §2G2.1(b)(2)(A) will not be applied.

The Government argues that a two point assessment under §2G2.1(b)(3) is warranted. Commentary, Application Note 1 to §2G2.2 defines "distribution" as "any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor".[9] In the 2004, 2005, and 2006 editions of the Guidelines Manual, the Commission added the following additional sentence to the definition of "distribution": "Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but *does not include the mere solicitation* of such material by a defendant." (Emphasis added); U.S.S.G. § 2G2.2 Application Note 1 (2006).[10] The defendant stated that he would provide the pictures and/or movie to the victim once they were taken. In this case, however, the pictures were not taken and therefore were incapable of being distributed. The promise of distribution is not sufficient to assess two additional points pursuant to §2G2.1(b)(3).

The Government argues that a four level enhancement under §2G2.1(b)(4) should apply. This section directs that the offense level is to be increased by four levels if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. There is no material in this case that portrayed sadistic or masochistic conduct or other depictions of violence. Accordingly, this assessment is not warranted.

---

[9]   See *U.S. v. Stevens*, 462 F.3d 1169, 1173 (C.A.9 (Mont.), 2006).

[10]  *U.S. v. Hecht*, 470 F.3d 177, 183 (C.A.4 (S.C.), 2006).

U.S.S.G.. §2G2.1(b)(6)(B) directs that if the offense involved use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct, the offense level is to be increased by two (2) levels. Kretser used a computer in the instant offense, so this two point enhancement is justified.

The Government further argues for an additional two point assessment for Obstruction of Justice arguing that the defendant lied about his involvement in the instant offense during his trial testimony. The Supreme Court held in *U.S. v. Dunnigan* [11] that if a defendant objects to a sentence enhancement resulting from trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition the court established.[12] When doing so, the Supreme Court advised that it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.[13] In *Dunnigan*, the court reasoned that given the numerous witnesses who contradicted the defendant's testimony

---

[11] *U.S. v. Dunnigan*, 507 U.S. 87, 95-96, 113 S.Ct. 1111, 1117 (U.S.W.Va.,1993).

[12] See U.S.S.G. § 6A1.3 (Nov.1989); Fed.Rule Crim.Proc. 32(c)(3)(D). See also *Burns v. United States*, 501 U.S. 129, 134, 111 S.Ct. 2182, 2185, 115 L.Ed.2d 123 (1991).

[13] ("The court finds that *the defendant was untruthful at trial with respect to material matters* in this case. [B]y virtue of her failure to give truthful testimony on material matters *that were designed to substantially affect the outcome of the case,* the court concludes that the false testimony at trial warrants an upward adjustment by two levels" (emphasis added)).

regarding so many facts on which she could not have been mistaken, there was ample support for the District Court's finding of obstruction.

The Fifth Circuit has held that generally, it is proper for the district court to enhance a defendant's sentence for obstruction of justice where the defendant committed perjury by giving false testimony at trial.[14] In *Dunnigan, supra,* the Supreme Court defined perjury as giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory."[15] The enhancement is adequately supported if the court's finding "encompasses all of the factual predicates for a finding of perjury."[16] Krester lied about all material matters concerning this case during his trial testimony and gave testimony which insulted the intelligence of the jury and the court. He used his own daughter as bait to gain the trust of someone who he thought was a fourteen year old girl. The court finds that the two point assessment for obstruction of justice is appropriate under the facts of this case.

Considering the rulings above, the defendant's total offense level is 38. The base offense level is 32, with two points assessed pursuant to §2G2.1(b)(1)(B), with two points assessed pursuant to §2G2.1(b)(6)(B) and with two points assessed for obstruction of justice. With a Criminal History

---

[14] *U.S. v. Larry,* 199 Fed.Appx. 321, 324, 2006 WL 2337543, **2 (C.A.5 (La. (C.A.5 (La.), 2006).

[15] 507 U.S. at 94, 113 S.Ct. 1111.

[16] *United States v. Laury,* 985 F.2d 1293, 1308 (5th Cir.1993).

Category of I, the guideline range is 235 to 293 months.[17]

Lake Charles, Louisiana, this 21 day of June, 2007.

/s/ Minaldi
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[17] The Government's second and third objections were to only be viable if the court rejected the first objection. Because the court has sustained the first objection, the second and third objections will not be considered.