RECEIVED
IN LAKE CHARLES, LA
APR 20 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20062-001 |
| --- | --- | --- |
| | | 2: 11 CV 00269 |
| VS. | : | JUDGE MINALDI |
| KARL DAVID KRETSER, JR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Rec. Doc. 73) filed by the defendant, Karl David Kretser, Jr. ("'Kretser"). The motion has been opposed by the Government (Rec. Doc. 76) and the defendant filed no reply. This matter is fully briefed and ready for disposition.

In his motion, Kretser argues sentencing errors and alleges that he did not receive effective assistance of counsel.

PROCEDURAL HISTORY

On June 13, 2006, a federal grand jury returned a one-count indictment charging the defendant with using a facility in interstate commerce to attempt to coerce a minor to engage in a criminal sexual act, in violation of 18 U.S.C. § 2422(b). (Rec. Doc. 1).

On February 13, 2007, after a two-day jury trial, Kretser was found guilty as charged. (Rec. Docs. 28, 33). During trial the defendant was represented by the Federal Public Defender's Office, specifically, Joseph Streva. (Rec. Doc. 13).

On April 11, 2007, Ginger Vidrine filed a motion to enroll as counsel, which motion was

granted. (Rec. Docs. 35-36). On April 12, 2007, a Presentence Investigation Report ("PSR") was issued. Both parties filed objections to the PSR.

On June 21, 2007, at the sentencing hearing, Kretser argued for a lenient sentence, and the government argued for an upward departure. The Court took the matter under advisement. (Rec. Doc. 38). The Court issued a ruling regarding the objections (Rec. Doc. 39) and, on June 28, 2007, Kretser was sentenced to a term of imprisonment of 360 months. Upon release from imprisonment, he will be placed on supervised release for a term of five years. (Rec. Docs. 40-41).

On July 5, 2007, the attorney representing the defendant, Ginger Vidrine, filed a motion to withdraw as attorney which was granted. (Rec. Docs. 42, 46). The Federal Public Defender's Office was appointed to represent the defendant on appeal. Christopher Aberle agreed to accept the appointment to represent the defendant on appeal. (Rec. Docs. 61-62).

On September 15, 2009, the United States Court of Appeals for the Fifth Circuit ordered that the judgment to the district court was affirmed. (Rec. Doc. 71). The defendant's petition for a writ of certiorari was denied by the United States Supreme Court on February 22, 2010. (Rec. Doc. 72).

## FACTS

In late May of 2006, the defendant, who was a security officer at a mall in Baton Rouge, communicated through an internet "chat room" with a individual whom he believed to be a 14-year old girl. In fact, he was communicating with an undercover agent who was posing as a 14-year old girl called "Rachel." (PSI, paras. 4-6). Through the internet the defendant engaged in sexually-explicit conversations (PSI, paras. 4-7), and "enticed his intended victim to have sex with him by sending her four images containing what is arguably child pornography and repeatedly inviting her to swim with his daughter." (Rec. Doc. 71, p. 3).

During a "chat room" conversation on June 5, 2006, Kretser agreed to meet "Rachel" in the Baton Rouge mall. Kretser stated that he would take her to a hotel for sex and film their activity on a digital camera. (Trial Tr., p. 48). The following day while Kretser was at work, he received a call from "Rachel" who indicated she would meet him in the Burger King across the parking lot from the mall. Kretser showed up and was arrested. (PSI, para. 1).

## LAW AND ANALYSIS

" 'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[1]

Kretser avers that several errors were made at sentencing. In arguments labeled as Grounds One, Two and Four, the defendant claims that his sentence was unreasonable and that this Court committed procedural error. He points to the Court's failure to consider that he was a first time offender, that he committed the offense in the "least serious manner possible" and that he was an ex-Marine and ex-detective. These claims were raised and rejected on direct appeal. Kretser argued that his sentence is severe in comparison with similarly situated defendants and he also addressed injuries he received in jail in his direct appeal. Consequently, these argument may not be reasserted in this § 2255 proceeding.[2]

In Grounds Five and Six Kretser presents the Court with material which he asks the Court to consider in imposing a different sentence. A § 2255 motion is not the appropriate motion for this

---

[1] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[2] *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989).

type of relief. The defendant points to his assistance in a murder case, to his attacks in prison, and to certificates of completion.[3] These types of assertions are not constitutional or jurisdictional in nature and cannot be presently considered. Once a term of imprisonment has been imposed, it can only be modified pursuant to the limited circumstances delineated at 18 U.S.C. §§ 3582(b) and (c). None of those circumstances are present

Kretser also argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[4] The burden that *Strickland* poses on a defendant is severe.[5]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[6] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit

---

[3] The defendant asserts that he has participated in and successfully graduated from several educational programs while incarcerated.

[4] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[5] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[6] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[7]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[8] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[9]

In Ground Three Kretser asserts ineffective assistance of counsel because counsel acquiesced or acceded to the upward departure in spite of the fact that there were strong grounds and strong reasons to object to such a departure. The transcript of the sentencing contradicts this argument and indicates that the attorney representing the defendant at sentencing tried to argue for a lesser sentence and did file objections to the PSR. (Sent. Tr., June 21, 2007, pp. 4, 12).

"[A]bsent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to establish the cause and prejudice necessary to overcome a procedural default."[10] However, to show ineffective assistance of counsel, Kretser must prove: (1) that his counsel's performance was

---

[7] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[8] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[9] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[10] *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995), citing, *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir.1995).

deficient (cause); and (2) that the deficient performance prejudiced his defense (prejudice).[11] "An attorney's performance, which employs a strong presumption of adequacy, is deficient if it is objectively unreasonable."[12] Further, counsel's deficient performance prejudiced the petitioner's defense if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[13] Kretser has not established that his counsel's performance was deficient, nor has he established that his counsel's performance prejudiced his defense.

Accordingly, the §2255 motion will be denied.

Lake Charles, Louisiana, this 19 day of April, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[11] *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[12] *Acklen*, 47 F.3d at 742

[13] *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.