UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| UNITED STATES OF AMERICA | CRIMINAL ACTION 2:06-CR-20062 |
|---|---|
| VERSUS | JUDGE JAMES |
| KARL DAVID KRETSER, JR. | MAGISTRATE JUDGE PEREZ-MONTES |

### *DE NOVO* REPORT AND RECOMMENDATION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Karl David Kretser, Jr. ("Kretser") (Doc. 114). Because Kretser failed to seek and obtain permission from the United States Court of Appeals for the Fifth Circuit to file his § 2255 Motion, Kretser's Motion should be dismissed without prejudice.

### I.  Background

Kretser was convicted by a jury in 2007 in United States District Court for the Lake Charles Division of the Western District of Louisiana, on one count of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts (Doc. 41). Kretser was sentenced to 360 months of imprisonment (Doc. 41). Kretser's conviction and sentence were affirmed on appeal by the Fifth Circuit (Docs. 43, 71).

In 2011, Kretser filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his sentence (Doc. 73). That motion was denied on the merits (Doc. 78).

Kretser filed a second § 2255 Motion in 2013 (Doc. 82). Because that motion was successive, it was dismissed for lack of jurisdiction (Doc. 86).

Kretser then filed a second direct appeal from his conviction and sentence, seeking review under Molina-Martinez v. United States, 136 S. Ct. 1338 (U.S. 2016) (Docs. 90, 93). That appeal was dismissed (Doc. 109).

Kretser filed a third § 2255 motion in 2018 (Doc. 114). A Report and Recommendation was filed, recommending the motion be dismissed as successive and for lack of jurisdiction (Doc. 115). Kretser objected to the Report and Recommendation (Doc. 116).

The case was subsequently reassigned (Doc. 117). The § 2255 motion was referred to the undersigned for a *de novo* review (Doc. 118).

The sole ground raised by Kretser in his motion is whether he was deprived of his right to be tried and sentenced by a mentally competent judge in violation of his constitutional rights (Doc. 114). Kretser is bringing this claim pursuant to "newly discovered evidence" (Doc. 114, p. 7/13).[1]

## II. Law and Analysis

Kretser did not seek authorization from the Fifth Circuit to file a second or successive § 2255 motion.

Section 2255(h) states:

---

[1] Kretser is not attacking the rulings on his previous § 2255 motions. He is clearly attacking his conviction and sentence, alleging newly discovered evidence. Therefore, this is not a Fed. R. Civ. P. 60(b) motion. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005) (although Rule 60(b) does not apply to criminal judgments, district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the habeas proceedings).

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order to file a second or successive application[2] with the district court, 28 U.S.C. § 2244(b)(3) provides that an applicant must *first* obtain authorization and certification from the court of appeals.

Section 2244(b)(3)(A) provides the certification procedure: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" (Emphasis added). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). See 28 U.S.C. § 2244(b)(3)(C). That determination, and certification, is made by a three-judge panel of the court of appeals before the successive motion is filed in a district court. See §§ 28 U.S.C. § 2255(h); 2244(b)(3)(B).

Therefore, to be successful, Kretser's motion to the Fifth Circuit must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law

---

[2] The bar on a second or successive petition applies to a later-in-time petition that challenges the same judgement imposing the same sentence as an earlier-in-time petition. See Burton v. Stewart, 549 U.S. 147, 156 (2007).

3

that was made retroactive by the United States Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence, and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2255(h).

Petitioner has not sought and obtained permission from the Fifth Circuit to file his successive 2255 motion.

Because the Fifth Circuit has not issued an order authorizing this Court to consider Kretser's third § 2255 motion, the Court lacks subject matter jurisdiction to consider the motion. Therefore, Kretser's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be dismissed without prejudice.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Kretser's § 2255 Motion (Doc. 114) be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required

nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __25th__ day of July, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5