# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:06-CR-20062-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KARL DAVID KRETSER JR (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## <u>MEMORANDUM ORDER</u>

Before the Court are two (2) motions filed by Defendant Karl David Kretser, Jr.: (1) "Motion Under 18 U.S.C. § 3582(c)(1)(A) for Consideration of Compassionate Release as Authorized Under the First Step Act of 2018" (Rec. 137) and (2) a letter dated May 18, 2020, that the Court will construe as a Motion for Compassionate Release  (Rec. 145) due to the COVID19 pandemic.

In his first motion, Kretser argues that his sentence by the Honorable Judge Patricia Minaldi was an upward departure of 300%; thus he argues that for extraordinary and compelling reasons, the Court should reduce his sentence to time served. In his second Motion for Compassionate Release, Kretser argues that due to his medical conditions and the COVID19 pandemic, he should be released, and his sentence reduced to time served.

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use

this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

The Government objects to Kretser's motions and maintains that, to date,[1] Ketser has not sought relief through the BOP administrative channels by requesting release. Thus, the Government contends that both motions should be denied for failure to exhaust administrative remedies. On June 8, 2020, Kretser filed a response in which he suggests that he exhausted his administrative remedies because 30 days has passed since he filed the abovementioned motions to which he sent a copy of the first motion to the Warden. Kretser attaches a copy of page one of his first motion which is stamped received by the Warden's Office on November 25, 2019. Kretser's reliance on the Warden's receipt of page 1 of his first motion is not the proper procedure to exhaust his administrative remedies with the BOP. As noted by the Government, Kretser must

---

[1] The Government filed their objection on May 27, 2020.

first present his request to the BOP and permit it to evaluate his current circumstances. Accordingly,

**IT IS ORDERED** that the Motion Under 18 U.S.C. § 3582(c)(1)(A) for Consideration of Compassionate Release as Authorized Under the First Step Act of 2018 and the Motion for Compassionate Release due to the COVID19 pandemic are hereby **DENIED** as this Court lacks jurisdiction to proceed with these motions.

**THUS DONE AND SIGNED** in Chambers on this 11th day of June, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**