UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:06-CR-20062-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KARL DAVID KRETSER JR (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Letter dated June 24, 2020, authored by Defendant Karl D. Kretser which this Court considers as a second Motion for Compassionate Release (Doc. 152). Kretser has also filed a "Motion for Reconsideration" (Doc. 153) and an "Addendum to Previously Filed Motion for Reconsideration for Motions Filed" (Doc. 154).  The Government opposes an early release.

Kretser seeks compassionate release due his current health condition (Type II diabetes) and COVID-19. The Government concedes that Type II diabetes is one health condition recognized by the Center for Disease Control as a COVID-19 risk factor, thus comprising an "extraordinary and compelling reason" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). However, the Government maintains that Kretser has not demonstrated that he is not a danger to the safety of any other person or to the community, or that his release is consistent with the 18 U.S.C. § 3553(a) factors.

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the

Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[1] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[1] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[2] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

After a jury trial, Kretser was found guilty of using a facility in interstate commerce to attempt to persuade, induce, entice or coerce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b).  On June 28, 2007, Kretser was sentenced to a 360-month term of imprisonment followed by 5 years of supervised release; his projected release date is July 24, 2032.

The facts surrounding Kretser's conviction are as follows: Kretser began communicating with an undercover agent (the "agent") through an internet chatroom with a person he believed was a 14-year old female.  Kretser encouraged the agent to come to

---

[2] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

his house and swim with his daughter suggesting that then he could have sex with her. Kretser informed the agent that he had had sex with many of his daughter's friends; he sent the agent what appeared to be an adult male engaging in oral sex with a teenage female. Kretser asked the agent to meet him at his work so that they could go to a motel and engage in sexual activity. After Kretser was arrested he admitted that he believed he had been communicating with a minor female and that he had sent her sexual images.[3]

Kretser argues that the changes to 18 U.S.C. § 3582(C)(1)(A)(i) have vested this Court with authority to identify the extraordinary and compelling circumstances that may warrant a sentence reduction. Kretser suggests that the resulting guideline is only advisory. The First Step Act left unchanged a critical statutory command: any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." The Government argues that the applicable policy statement provides no basis for a sentence reduction based on concerns regarding the length of a previously imposed sentence or any trial-related errors.

The Supreme Court in *Dillon* held that the Commission's pertinent policy statement concerning retroactive guideline amendments (U.S.S.G. § 1B1.10) is binding, particularly its directive that a permissible sentence reduction is limited to the bottom of the revised guideline range, without application of the rule of *Booker. See Dillon*, 560 U.S. at 826.

The Government argues that Kretser's medical ailment is of a type that can be controlled and does not present any impediment to his ability to provide self-care in the

---

[3] At trial, Kretser claimed that all of his communications were a fantasy and he never believed the agent was a minor female.

institution. See e.g. *United States v. Maher,* 2020 WL 390884, at *2 (Jan. 22, 2020) (denying compassionate release to a defendant whose medical records showed "a history of Crohn's disease, prostate cancer, and hepatitis C, as well as significant unexplained weight loss, bacterial pneumonia, and acute exacerbation of bronchiectasis" on the ground that the record did not show his inability to care for himself); *United States v. Lynn*, 2019 WL 3082202, at *2 (S.D. Ala. 2019) (denying compassionate release for a defendant who complained of chronic kidney failure, atrial fibrillation, 70% blockage in multiple coronary arteries, high cholesterol, cervical disc degeneration, enlarged prostate, and other ailments finding that none of these conditions was terminal, or substantially diminished his ability to provide self-care within the environment of a correctional facility).

The Court must consider all pertinent circumstances, including the § 3553(a) factors and Kretser's possible danger to the community. See 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors "as applicable") and U.S.S.G. § 1B1.13(2) (requiring consideration of whether the defendant is "a danger to the safety of any other person or to the community, as provided in 19 U.S.C. § 3142(g)".

The Court agrees with the Government that Kretser's medical condition is appropriately managed at the facility, thus he has not persuaded the Court that compelling and extraordinary circumstances warrant a sentence reduction. We further find that Kretser has not persuaded the Court that he is not a danger to any other person or to the community if he is released. Accordingly,

**IT IS ORDERED** that the motion for compassionate release and the motion for reconsideration are hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 20th day of October, 2020.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE