UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:06-CR-20062-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KARL DAVID KRETSER JR (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" filed by Petitioner/Defendant, Karl David Kretser, Jr. Kretser seeks compassionate release based on his medical condition and cognitive impairment. The United States opposes the motion.

## INTRODUCTION

After being indicted for using a facility in interstate commerce to attempt to persuade, induce, entice or coerce a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b), Defendant Kretser was found guilty by a jury on June 13, 2007; he was subsequently sentenced to 360 months followed by five (5) years supervised release. Kretser appealed his sentence arguing that it was unreasonable. The Fifth Circuit affirmed the sentence. *United States v. Kretser,* 343 F.App'x 987 (5th Cir. 2009).

Kretser's jury conviction involved the following facts. Kretser began communicating in an internet chatroom with an undercover officer he believed was a fourteen (14) year old minor female. Kretser suggested that the minor female come to his house and swim with his daughter so he could have sex with her. He told the minor female

that he has had sex with many of his daughter's friends and sent her what appeared to be an adult male engaging in oral sex with a teenage female. Kretser then asked the person he believed to be a fourteen (14) year old female to meet him at his work so that they could go to a motel and engage in sexual activity.

Even though Krester admitted upon arrest that he believed he was communicating with a minor female, at trial he claimed that all of his communications were a fantasy and that he never believed she was a minor female.

## **LAW AND ANALYSIS**

In his Motion, Kretser asserts that he has PTSD, diabetes, high blood pressure, and dementia.  He attaches to his motion evidence of his physical and mental conditions that are being treated by the Bureau of Prisons ("BOP").[1] Kretser argues that he has been rehabilitated while in prison, and has taken several classes including parenting classes, basic construction, carpentry, Veteran's affairs and Spanish.

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use his provision to directly petition the court for compassionate release.

---

[1] Doc. 184, exhibit 2.

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement." 1 U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of

the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[2] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Here, Kretser has failed to persuade this Court that he is not a danger to any person or to the community, nor has he persuaded the Court that the BOP is not adequately treating

his condition. To the contrary, the records Kretser submits, reflects that his diabetes, hypertension, PTSD, and other mental issues are being satisfactorily treated.[2] Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release is **DENIED.**

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendant's Exhibit, Bureau of Prisons Health Services, Clinical Encounter-Administrative Note.